SO ORDERED: January 17, 2006.

_____
Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| AZEEM UDDIN MEO | ) | CASE NO. 05-10410-AJM-7A |
| QAMAR MEO | ) | |
| | ) | |
| Debtors | ) | |

**ENTRY DENYING TRUSTEE'S MOTION
FOR ENLARGEMENT OF TIME TO OBJECT TO DISCHARGE**

*Background*

The Debtors filed their chapter 7 case on May 31, 2005. Paul D. Gresk was appointed the interim Chapter 7 trustee. The "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines" ("341 Meeting Notice") issued June 1, 2005 established September 19, 2005 as the deadline to file a complaint objecting to the discharge of the Debtors (the "§727 Deadline"). Because Mr. Gresk discovered a potential conflict in his appointment as interim trustee, his appointment was revoked on August 31, 2005. Ellen Fujawa was appointed successor trustee on September 2,

1

2005 and the §341 meeting was rescheduled for October 21, 2005. The September 2nd notice sent to creditors of her appointment as successor trustee provided that "[t]he deadlines set forth in the original 341 meeting notice remain in full force and effect". The October 21st 341 meeting was rescheduled for November 7, 2005 upon request by the Debtors' counsel.

The November 7th §341 meeting apparently went forward, because on November 15, 2005, Ms. Fujawa moved to enlarge the time in which she could file a §727 complaint to February 13, 2006. The Debtors objected to the enlargement since the §727 deadline had expired prior to November 15, 2005. Hearing on the Trustee's motion and the Debtors' objection was held on November 28, 2005. The Trustee and the Debtors submitted legal authority to support their positions on December 2nd and December 12th respectively.

*Discussion*

A creditor or trustee wanting to object to a debtor's discharge §727 must do so within 60 days of the first scheduled §341 meeting, and motions to extend the time to file such a complaint must be filed within that 60 day period.

Rule 4004 of the Federal Rules of Bankruptcy Procedure provides:

(a) TIME FOR FILING COMPLAINT OBJECTING TO DISCHARGE; NOTICE OF TIME FIXED. In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under §727(a) of the Code shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a).

(b) EXTENSIONS OF TIME. On motion of any party in interest, after hearing on notice, the court may for cause extend the time to file a complaint objecting to discharge. The motion shall be filed before the time has expired.

2

Subsection (a) has been strictly interpreted, and complaints filed outside the 60-day period or a timely extension thereof are dismissed, despite harsh results. For example, a creditor's §727 complaint was dismissed as untimely, even though clerk of court to where case had been transferred established new §727 deadline despite the fact that the original §727 deadline had expired before the case had been transferred. *First National Bank of Deerfield v. Lewis*, 71 B.R. 633 (Bankr. N. D. Ill. 1987). The court in *Lewis*, in part, justified dismissal of the complaint as untimely since the plaintiff that filed the untimely complaint was the same party that moved for change of venue from Florida to Illinois. The plaintiff's notice of the §727 deadline established by the Florida court prompted the Illinois court to declare that "'[i]f the Plaintiff needed more time to prepare its complaint against the Debtor it should have requested an extension on January 8, 1986, when it petitioned the Florida court for a change of venue". In *Lewis*, the Illinois trustee who succeeded the Florida trustee joined the creditor as an additional party plaintiff. Despite the fact that the successor trustee was appointed after the §727 deadline had expired, the Illinois court made it clear that, regardless of who sought extension of the §727 deadline, the transfer of the case from Florida to Illinois did not toll the 60 day time period until the §341 meeting actually took place. ("The Bankruptcy Rules make no special provision for automatically extending the filing date for dischargeability complaints in the event of a rescheduling of the first meeting of creditors, and the Court can not (sic) read one into them".) 71 B.R. at 635. Rather, "[t]he Florida trustee had the obligation to investigate and file complaints if the trustee deemed such action appropriate, or to extend the time for filing an appropriate

3

investigation could be made". *Id*. at 636. The complaint was dismissed. [1]

Subsection (b) of Rule 4004 clearly provides that the motion for enlargement of time to object to discharge must be brought before the 60-day deadline under subsection (a) expires. Again, a strict interpretation of this rule has prevailed. Even where the trustee's initial motion for extension was timely filed, an amended motion filed to comply with local rules, but filed after the deadline set by court order, was denied. *Matter of Nevius*, 269 B.R. 209 (Bankr. N. D. Ind. 2001):

> In this case, the original deadline for filing complaints objecting to discharge was August 6, 2001... The Court recognizes that the Trustee had previously filed a timely motion for an extension of time. That motion did not, however, comply with the local rules of this court....and by an order issued on August 2, 2001, she was directed to file an amended motion within eight days. Had the Trustee complied with the court's order of August 2, 2001 and filed an amended motion on or before August 10, such a timely amendment would have related back to the date of her original motion, even though the deadline would have apparently expired. ...The present motion was not filed until August 15 – five days late – so that, notwithstanding the appellation "amended", it does not relate back to the date of the previous motion. It must, instead stand on its own. As such, it is late and cannot be granted.

269 B.R. at 210-11.

Certain deadlines established by the Bankruptcy Code and Rules can be extended, even if requested after the expiration of the deadline, if the movant can show that the failure to act before the deadline was due to excusable neglect. Rule 9006(b) provides:

---

[1] Compare, *In re Isaacman,* 26 F.3d 629 (6th Cir. 1994) where the case was transferred from Georgia to Tennessee and the Tennessee court established a new §523 complaint deadline *before* the expiration of the original deadline established by the Georgia court. A creditor that had been advised by the Tennessee court that a new deadline had been set filed its complaint after the original deadline but before the expiration of the second deadline. Because the court could not *sua sponte* extend the time to file §523 complaints, the 6th Circuit used its equitable powers under §105 to reverse the dismissal of the complaint.

4

>    (b) ENLARGEMENT.
>
>    (1) IN GENERAL. *Except as provided in paragraphs (2) and (3)* of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on *motion made after the expiration of the specified period* permit the act to be done where the failure to act was the result of excusable neglect. ... (emphasis added).

However, the 60-day period under Rule 4004(a) is one of the few deadlines that cannot be extended via untimely motion, even if "excusable neglect" can be shown. Rule 9006(b)(3) provides:

>    (3) ENLARGEMENT *LIMITED*. The court may enlarge the time for taking action under Rules...4004(a) *only to the extent and under the conditions stated in those rules.* (Emphasis added).

One of the conditions stated in Rule 4004(b) is that the motion shall be brought before the time has expired and thus, a timely motion is the only condition in which an enlargement of the 60 day period under Rule 4004(a) can be considered.

>    "The court may for cause extend the time ..to file a complaint objecting to discharge if the motion is 'filed before the time has expired'. Reinforcing Rule 4004(b)'s restriction on extension of the Rule 4004(a) deadline, Rule 9006(b)(3) allows enlargement of the time for taking action under Rule 4004(a) only to the extent and under the conditions stated in [that rule] i.e., only as permitted by Rule 4004(b)".

*Kontrick v. Ryan*, 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004). [2]

---

[2] In *Kontrick*, a creditor timely filed a §727 complaint objecting to debtor's discharge, alleging that the debtor transferred property within a year of his bankruptcy filing with the intent to defraud creditors. The creditor, without leave of court, amended the complaint after the 60 day deadline to include a new allegation that the debtor had fraudulently transferred money to his wife by removing his name from the account (the "family account claim"). The debtor answered the amended complaint but did not raise the untimeliness of the family account claim. The creditor moved for summary judgment, and the debtor did not ask that the family account allegations be stricken. The bankruptcy court awarded summary judgment to the creditor on the family account claim. The debtor did not raise the untimeliness issue until he moved

5

Here, Ms. Fujawa was appointed successor trustee about two weeks prior to the expiration of the §727 deadline. This court is aware of the voluminous caseload of panel trustees. The deadlines of a case previously assigned to another trustee do not become evident until the §341 meeting date approaches. However, in such cases and as a matter of course, either the trustee originally assigned to the case could move for an extension before recusal from the case, or the successor trustee can move for an extension immediately upon appointment. The need for an extension to either preserve a successor trustee's right to file a §727 complaint or to conduct an examination as to whether a §727 claim exists would certainly be "cause" for extending the deadline. The literal application of the Bankruptcy Rules [3] prompts this Court to deny the Trustee's motion. The narrow issue here is whether the Court can grant a motion to extend the time to file a §727 complaint where the motion is filed after the expiration of the 60 day deadline. The Court finds that it can not and therefore SUSTAINS the Debtors' objection and DENIES the Trustee's Motion for Enlargement of Time to Object to

---

for reconsideration of summary judgment on the family account claim, arguing that the 60 day deadline of Rule 4004(a) was jurisdictional, i.e., could be raised at any time, even after adjudication on the merits. The Supreme Court held that the 60 day deadline in Rule 4004(a) was not jurisdictional, but rather, a "claims processing rule" that operated like a statute of limitations, and the untimeliness defense to a §727 claim could be waived if not raised before adjudication on the merits. 540 U.S. at 447.

[3] See, *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S. Ct. 1644, 118 L.Ed.2d 280 (1992). There, it was undisputed that the debtor had "no colorable basis" for claiming an exemption in all the recovery that she might receive in a pending discrimination lawsuit. The trustee questioned the debtor about the lawsuit in the §341 meeting, but determined that recovery, if any, would not exceed the debtor's allowable exemptions. Thus, the trustee failed to object to the exemption within the 30 day period set forth in Rule 4003(b). The debtor and her attorneys received $71,000 in settlement proceeds and the trustee sought turnover of the proceeds as property of the estate. The Supreme Court held that the trustee's late challenge failed. " Deadlines may lead to unwelcome results, but they prompt parties to act and produce finality...[The trustee] Taylor did not object to the claimed exemption...he could have asked the Bankruptcy Court for an extension of time to object...Having done neither, Taylor cannot now seek to deprive [the debtor] Davis and respondents of the exemption. " 503 U.S. at 644. Note that Rule 4003(b) is also one of the rules set forth in Rule 9006(b)(3) in which the deadline thereunder cannot be extended via untimely motion, even upon a showing of "excusable neglect".

Discharge.

### #

Distribution:

John Graub, Attorney for the Debtors
Ellen Fujawa , Chapter 7 Trustee
Nancy J. Gargula, United States Trustee